# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

SEAN OSBORNE,

    Petitioner,

v.   Case No. 1:20-cv-00194

WARDEN, FCI MCDOWELL,

    Respondent.

## **PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the court is Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and motion for order requiring recalculation of GCT and immediate release (ECF Nos. 1 and 2). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and, by Standing Order, it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

### A.   **Petitioner's criminal proceedings.**

Petitioner was previously convicted of pharmacy robbery, conspiracy to commit pharmacy robbery, and possession with intent to distribute oxycodone, in violation of 18 U.S.C. §§ 2118 and 2 and 21 U.S.C. § 841(a)(1). He was sentenced to concurrent terms of 120 months in prison, followed by a three-year term of supervised release. Judgment, ECF No. 90, *United States v. Osborne,* No. 1:06-cr-00025-JPJ-1 (Sept. 19. 2006). On December 12, 2016, after serving his initial term of imprisonment, Petitioner was released to supervision. However, on January 7, 2019, the sentencing court revoked Petitioner's

term of supervised release and sentenced him to serve a term of imprisonment of five months in prison, followed by a two-year term of supervised release. *Id.*, ECF No. 236. He was again released from custody on May 3, 2019, but his new term of supervised release was again revoked on October 8, 2019 and he was sentenced to serve an 11-month term of imprisonment followed by a 19-month term of supervised release. (*Id.*, ECF No. 252).

      **B.    Petitioner's instant petition.**

At the time he filed the instant petition on March 19, 2020, Petitioner was incarcerated at the Federal Correctional Institution, McDowell, in Welch, West Virginia, serving his second revocation sentence. The instant petition seeks the recalculation of Petitioner's sentence to add additional Good Conduct Time ("GCT") credit pursuant to § 102(b) of the First Step Act of 2018 and further moves the court for an order requiring such recalculation and Petitioner's immediate release. (ECF Nos. 1 and 2).

The First Step Act changed the method of calculating GCT under 18 U.S.C. § 3624(b). Previously, the Federal Bureau of Prisons ("BOP") calculated GCT "at the rate of 54 days for each year of imprisonment served, rather than 54 days for each year of imprisonment imposed." *Bowden v. Marques*, No. 19-cv-1510, 2019 WL 3847709, at *1 (D. Minn. July 19, 2019) (citing *Barber v. Thomas*, 560 U.S. 474, 477-79 (2010)), *report and recommendation adopted as modified*, 2019 WL 3840979 (D. Minn. Aug. 15, 2019). "Under this time-served method, the effective rate of good-time-credit accumulation (for a prisoner who earned all possible good-time credit) was 47 days per year." *Id.*; *accord Kieffer v. Rios*, No. 19-cv-00899, 2019 WL 3986260, at *1 (D. Minn. Aug. 23, 2019), *aff'd* 2019 WL 8194484 (8th Cir. Oct. 2, 2019) ("Under the previous method, a prisoner could

earn up to 47 days of good-conduct time for each year of imprisonment."). Under the amended provision, "a prisoner may now earn up to 54 days of good-conduct time for each year of imprisonment." *Kieffer*, 2019 WL 3986260, at *1. The amendment of § 3624(b), which is retroactive, became effective July 19, 2019, after permitting the Bureau of Prisons to promulgate related program statements.

The instant petition seeks 72 days of additional sentencing credit, which constitutes the retroactive application of GCT under the amended provisions for the time Petitioner served on his initial term of imprisonment from September 8, 2006 to December 12, 2016. (ECF No. 1 at 8). Petitioner further contends that, with the retroactive application of such credit, he would be entitled to immediate release from BOP custody.

In support of his claim that he should receive additional credit for the time he served on his initial sentence, Petitioner relies on the Fourth Circuit's decision in *United States v. Venable*, 943 F.3d 187 (4th Cir. 2019), which held that supervised release is part of the original sentence.[1] Thus, Petitioner claims that the BOP should calculate his GCT credit based upon the aggregation of his original term of imprisonment and his revocation sentence.

C. **Respondent's response to the petition.**

On September 9, 2020, pursuant to the undersigned's Order, Respondent filed a Response indicating that Petitioner had been released from BOP custody on June 17,

---

1 *Venable* held that supervised release is part of the original sentence for purposes of applying the retroactive amendments to the cocaine-related offense penalty statutes addressed by the Fair Sentencing Act of 2010 and § 404 of the First Step Act of 2018.

2020. (ECF No. 9 at 1 and Ex. 1 at 1). Respondent further asserts that, because a writ of habeas corpus "'does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody[,]'" *Antwi v. Masters*, No. 1:14-cv-14070, 2015 WL 3622536 (S.D. W.Va. May 18, 2015) (*report and recommendation*) (quoting *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 494-95 (1973)), the prisoner seeking the writ must remain in custody for such relief to be available. (ECF No. 9 at 3). Accordingly, due to Petitioner's release from BOP custody, Respondent asserts that his request for relief can no longer be granted and his § 2241 petition is moot. The Response further contends:

> With regard to habeas petitions, a case becomes moot once the prisoner is released from custody unless the prisoner can demonstrate sufficient collateral consequences of the underlying proceeding. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The Supreme Court has refused to extend the presumption of collateral consequences to cases where a conviction is not being attacked. *See Simon v. Felts*, 2006 WL 3230159 (S.D. W. Va. Nov. 6, 2006) (citing *Spencer*, 523 U.S. at 12-13); *see also Zichko v. Idaho*, 247 F.3d 1015 (9th Cir. 2001) ("the general rule concerning mootness has long been that a petition for habeas corpus becomes moot when a prisoner completes his sentence before the court had addressed the merits of his petition") (quoting *Larche v. Simons*, 53 F.3d 1068, 1069 (9th Cir. 1995)); *Taylor v. Collins*, 464 F. Supp. 2d 88, 90 (D. R.I. 2006) (release from custody rendered petition moot).

(ECF No. 9 at 3). Respondent contends that there are no collateral consequences that would prohibit a finding that Petitioner's claim is, indeed, moot. (*Id.*)

## ANALYSIS

### A. Petitioner's petition is moot.

The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review. U. S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472,

4

477-78 (1990). When a case or controversy no longer exists, the claim is said to be "moot." In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 F. App'x 295, 2006 WL 1194751 (4th Cir. 2007); *Alvarez v. Conley*, 145 F. App'x 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v. Gutierrez*, 2007 WL 2897942 (N.D. W. Va. 2007). As noted above, Petitioner has been released from BOP custody; thus, this federal court is no longer able to grant his requested relief. Therefore, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's section 2241 petition is moot due to his release from BOP custody.

      **B.**     **Alternatively, Petitioner's petition lacks merit.**

The undersigned notes that, following his most recent revocation, Petitioner was sentenced to serve a three-year term of supervised release, which he is believed to presently serving. To the extent that his continued supervision does not render his request for additional GCT moot, the undersigned alternatively proposes that the presiding District Judge **FIND** that his claim for relief lacks substantive merit.

While "[s]upervised release is imposed as part of the original sentence, . . . the imprisonment that ensues from revocation is partly based on new conduct, is wholly derived from a different source, and has different objectives altogether; it is therefore a different beast." *United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005). "To hold otherwise would unjustly enrich the petitioner for new criminal conduct" *Bowling v. Hudgins*, No. 5:19-cv-285, 2020 WL 1918248, at *3-4 (N.D. W. Va. Mar. 16, 2020), *report and recommendation adopted*, 2020 WL 1917490 (N.D. W. Va. Apr. 20, 2020) (rejecting

5

petitioner's argument that he was entitled to additional credit towards his supervised release sentence under the First Step Act); *see also, e.g., Parks v. Quay*, No. 1:20-cv-00437, 2020 WL 2525957, at *2 (W.D. Pa. May 18, 2020); *Barkley v. Dobbs*, No. 1:19-3162-MGL-SVH, 2019 WL 6330744, at *3 (D.S.C. Nov. 12, 2019), *report and recommendation adopted*, 2019 WL 6318742 (D. S.C. Nov. 25, 2019); *Jamison v. Warden, Elkton Fed. Corr. Inst.*, No. 1:19-cv-789, 2019 WL 5690710, at *2 (S.D. Ohio Nov. 4, 2019), *report and recommendation adopted*, 2019 WL 6828358 (S.D. Ohio Dec. 12, 2019); *Kieffer, supra*, 2019 WL 3986260, at *1; *see also Beal v. Kallis*, No. 19-cv-3093, 2020 WL 822439, at *2 (D. Minn. Jan. 7, 2020).

Accordingly, "a revocation sentence is separate and distinct from the original underlying sentence for purposes of calculating good-conduct time." *Kieffer*, 2019 WL 3986260, at *1 (citing cases); *see also Barkley*, 2019 WL 6330744, at *3 ("Courts considering arguments similar to Petitioner's have concluded revocation sentences are separate from original sentences for the purpose of calculating good-time credit.") (citing cases).

> Indeed, federal courts have "flatly rejected" attempts by prisoners serving revocation sentences to mine their completed underlying sentences for additional good-conduct time. *Parks*, 2020 WL 2525957, at *2 (citing cases); *see Kieffer*, 2019 WL 3986260, at *1; *see also, e.g., Brennan v. Cox*, No. 4:20-CV-04002-KES, 2020 WL 3496961, at *1 (D. S.D. June 29, 2020); *Beal*, 2020 WL 822439 at *2. Moreover, the moment Kidd's underlying term of imprisonment ended in 2012 "was also the moment that [Kidd] became ineligible for additional good-time credit resulting from th[at] term[ ] of imprisonment." *Beal*, 2020 WL 822439, at *2 (citing 28 C.F.R. § 2.35(b)); *see* 28 C.F.R. § 2.35(b) ("Once an offender is conditionally released from imprisonment, either by parole or mandatory release, the good time earned during that period of imprisonment is of no further effect either to shorten the period of supervision or to shorten the period of imprisonment which the offender may be required to serve for violation of parole or mandatory release.").

*Kidd v. Fikes*, No. 20-cv-287 (SRN/TNL), 2020 WL 7210025, at *3 (D. Minn. Aug. 17, 2020), *report and recommendation adopted*, No. 20-cv-00287SRNTNL, 2020 WL 7166239 (D. Minn. Dec. 7, 2020).

Additionally, Petitioner's reliance on *Venable* is unconvincing. *Venable* concerned a request for sentence reduction following the reclassification of his original underlying federal drug conviction, which "not only reduce[d] the original statutory penalties for the term of imprisonment for the drug conviction, but also shorten[ed] the maximum revocation sentence for a violation of supervised release from three years . . . to two years." 943 F.3d at 190, 194 ("We emphasize that our holding today is limited to the issue of a district court's authority to resentence a defendant serving a term of imprisonment for revocation of supervised release whose original, underlying conviction was for a 'covered offense' [under the Fair Sentencing Act of 2010].").

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner has not demonstrated that he is entitled to additional GCT based upon the retroactive amendment of § 3624(b) by the First Step Act of 2018.

### RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, including his incorporated motion for order requiring recalculation of his GCT and immediate release (ECF Nos. 1 and 2), and dismiss this matter from the docket of the court.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, Petitioner shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner at his last known address and to transmit a copy to counsel of record.

February 26, 2021

Dwane L. Tinsley
United States Magistrate Judge